UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GABRIEL SALOMON, Petitioner, v. WARDEN, Imperial Regional Detention Facility, et al., Respondents. | Case No.: 3:26-cv-05274-RBM-GC<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>**[Doc. 1]** |

Before the Court is Petitioner Jose Gabriel Salomon's ("Petitioner") Verified Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") challenging the lawfulness of his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner, a citizen of Haiti, entered the United States on June 21, 2022.[1] (*Id.* ¶ 1.) He was issued a Notice to Appear and paroled into the United States. (Doc. 6-1 at 4.) Petitioner has a three-year-old United States citizen son. (Doc. 1 ¶ 1.) Petitioner has a conservation violation for palmetto berry harvesting, but no criminal convictions. (*Id.* ¶ 3.)

---

[1] Respondents' Response states that Petitioner "entered and was paroled into the United States at the Hidalgo port of entry on June 21, *2026*." (Doc. 6 at 1 (emphasis added).) The Court does not find that this is a factual dispute, as Respondents' own exhibits indicate that Petitioner entered this country in 2022. (*See* Doc. 6-1 at 2–3 (Form I-213).)

On August 14, 2026, Petitioner was detained in Florida and transferred to ICE custody. (*Id.* ¶ 1.) "Petitioner did not violate any of the terms and conditions of his release and ICE did not articulate a change in the circumstances surrounding his release that would warrant his detention." (*Id.* ¶ 2.) At some point after his detention, Petitioner was transferred to Imperial Regional Detention Facility, where he remains today. (*Id.* ¶ 9.)

Petitioner filed the Petition on September 14, 2026. (*Id.*) Respondents filed their Response on September 22, 2026. (Doc. 6.) Petitioner was authorized to file a reply on or before September 29, 2026, but he did not file one.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates due process. (Doc. 1 ¶¶ 18–28.) Respondents, citing the Ninth Circuit's recent decision in *Rodriguez Vazquez v. Bostock*, 183 F. 4th 1160 (9th Cir. 2026), acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and therefore "do not oppose an order from this Court directing a bond hearing be held." (Doc. 6 at 1–2.) Because there is no dispute that Petitioner is subject to § 1226(a) or that he was detained without a hearing, and given Respondents' non-opposition to Petitioner's substantive arguments, the Court **GRANTS** the Petition.

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash.

2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV. CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody subject to the conditions of his preexisting parole.
2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted. At any such bond hearing, the noncitizen shall bear the burden of establishing, by a preponderance of the evidence, that he is not a flight risk or a danger to the community. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).
3. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

**IT IS SO ORDERED.**

DATE: September 30, 2026

Ruth Bermudez Montenegro

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE